```
UNITED STATES DISTRICT COURT                                    C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
KWADWO BROWN,                                               :
                                                            :
                          Plaintiff,                        :   **MEMORANDUM DECISION**
                                                            :   **AND ORDER**
                      - against -                           :
                                                            :   20-cv-623 (BMC) (CLP)
FEDERAL BUREAU OF INVESTIGATIONS *et                        :
al.*,                                                       :
                                                            :
                          Defendants.                       :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brings this action against the FBI, DEA, and certain unknown persons. The Court grants plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Because plaintiff's complaint fails to state a claim for which relief can be granted, the case is dismissed with leave to amend within 20 days.

## BACKGROUND

Plaintiff's hand-written complaint appears to take issue with a federal law enforcement investigation either against plaintiff or related to him in some way. He repeats, over and over, that the case "has no merit," is a "nonsense lying case," and is an "investigation about nothing." Plaintiff also avers in his complaint that he does not distribute drugs, though he has medical problems and is in serious pain. He seeks $900.

## DISCUSSION

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, they must still plead "enough facts to state a claim to relief that is plausible

on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court assumes all factual allegations contained in the complaint to be true, this principle is "inapplicable to legal conclusions." Id.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

Plaintiff's complaint is wholly lacking in any details that would tend to support a valid claim against any of the defendants. He alleges only that he believes the investigation against him is baseless because he "do[es] not sell drugs or distribute drugs." But it is not unlawful merely for law enforcement to investigate for criminal activity despite the subject's belief that he is innocent. Cf. Popovic v. United States, 997 F. Supp. 672, 678 (D. Md. 1998) ("An individual has no constitutional right not to be investigated for suspected violations by agencies authorized to conduct such [investigations]." Plaintiff must therefore allege enough facts to demonstrate that defendants violated his rights. Absent such a showing, there is no basis to conclude that anyone acted wrongfully, necessitating dismissal of the complaint. See Iqbal, 556 U.S. at 678 (2009).

\

## CONCLUSION

Plaintiff's complaint is dismissed. In light of plaintiff's *pro se* status, the Court will permit plaintiff to file an amended complaint within 20 days from the date of this Order, for the purpose of alleging any additional facts regarding the conduct or events that give rise to a legal claim. At a minimum, plaintiff must include facts regarding when and where the event(s) occurred, the officers or other individuals involved, and the conduct that those people engaged in. Plaintiff is cautioned that if all that has happened is a routine law enforcement investigation with which he disagrees, he has no viable claim.

The amended complaint must be labeled "Amended Complaint" and include the index number of this case (20-cv-623). This amended complaint will completely replace plaintiff's original complaint. If plaintiff fails to submit an amended complaint within 20 days, or if the amended complaint does not comply with this Order, judgment dismissing this action shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                      U.S.D.J.

Dated: Brooklyn, New York
     February 4, 2020